TOBIAS *v.* BROADWAY & SEVENTH AVE. R. CO.

*(City Court of New York, General Term.* May 8, 1891.)

INFANCY—ACTIONS IN FORMA PAUPERIS.

> Code Civil Proc. N. Y. § 458, which provides that "a poor person, not being of ability to sue, * * * may apply by petition" for leave to sue *in forma pauperis*, applies to infants as well as adults.

Appeal from special term.

Action by one Tobias, an infant, by guardian *ad litem*, against the Broadway & Seventh Avenue Railroad Company. Plaintiff was ordered to give security for costs, and from such order appeals.

Argued before FITZSIMONS and MCCARTHY, JJ.

*Love & Ryan,* for appellant.   *Root & Clarke,* for respondent.

MCCARTHY, J.   The question is, has the infant plaintiff now the right to sue as a poor person, although the guardian *ad litem*, when applying for appointment as such, swore he was worth $250? I think the right of the infant plaintiff to sue as a poor person is a substantial right, and one that does not depend upon the responsibility of the guardian. Section 458, Code Civil Proc., declares that "a poor person, not being of ability to sue, * * * may apply by petition." Section 459 states what is required to be set forth in the petition; and section 460 declares that the court, if satisfied of the truth of the facts alleged in last section, may by order admit him to prosecute as a poor person. See, also, section 468. This certainly is not confined to adults, but means infants as well. The law cannot and it never was the intention of the legislature to deprive an infant who was poor from prosecuting a good cause of action, for the court only grants the order on condition that the court is satisfied that the infant plaintiff has a good cause. Nor for the same reason can it be contended that, unless security for costs is furnished by an infant plaintiff suing as a poor person, he cannot proceed. Section 469, which says that the guardian shall be responsible for costs, and section 3268, which says: "The defendant * * * may require security for costs where the plaintiff was * * * an infant whose guardian *ad litem* has not given such security,"—mean in a proper case; for the provisions must be qualified and limited by section 458, which gives the infant plaintiff the right to sue as a poor person; and section 468 declares: "Where an infant has a right of action, he is entitled to maintain an action thereon, and the same shall not be deferred or delayed on account of his infancy." Sections 458, 468, Code Civil Proc., are as mandatory and peremptory as section 3268. In determining the question, however, we must take the act in general, and endeavor to reach the intent and purpose of the legislature. The court have, with the exception of one or two cases, adopted this view, for they have allowed the infant plaintiff, against the demand of the defendant for security for costs, to prosecute as a poor person, even where a poor and irresponsible person was guardian. It could only be upon and for the reason that when the infant plaintiff complied with sections 458–460 he was entitled to the order. If the plaintiff, being a poor person, has the right to sue when he has a good cause of action, and shall not be deterred or delayed from maintaining same on account of such infancy, (see section 468,) and the fact of such suing as a poor person shall relieve him from liability for costs, (see section 461) how can the guardian *ad litem*, who, after all, is but the representative of the infant plaintiff, as well as an officer of the court, become liable for costs or be required to give security in such case? It is the infant plaintiff against whom or for whom the judgment is entered, and the guardian is only personally liable to the extent of the costs in a proper case. Section 458, applying to this special class of case, limits sections 3268 and 468. See *Hotaling* v. *McKenzie,* 7 Civil Proc. R. 321–323; *Nichols* v. *Cammann,* 2 Civil Proc. R. 375, 377; *Ir-*

*ving* v. *Garrity*, 4 Civil Proc. R. 105, 107, 108; *Friedman* v. *Fischer*, (City Ct.) 5 N. Y. St. Rep. 913. It is true that in many of the cases decided it appeared that guardian was poor and irresponsible. But this, in my opinion, only proves the correctness of the foregoing, that it is not a condition, in order to entitle infant plaintiff to maintain cause of action as a poor person, that he should give security for costs, or that the guardian *ad litem* should be a person of means. The provisions of the Code of Civil Procedure are broad enough to permit an infant to sue *in forma pauperis*. See *Erickson* v. *Poey*, (Ct. App.) 5 Civil Proc. R. 379; 7 Civil Proc. R. 321–323; *Hayes* v. *Railroad Co.*, 5 Civil Proc. R. 155. The plaintiff was in time in making his application. *Shearman* v. *Pope*, 106 N. Y. 665, 12 N. E. Rep. 713. The order should be reversed, and the infant plaintiff allowed to sue as a poor person.