(12 Misc. Rep. 459.)

## TRIMBLE v. KILGANNON.

### (Superior Court of New York City, Special Term. May, 1895.)

COSTS—LEAVE TO SUE AS POOR PERSON—INFANT.

Code Civ. Proc. § 458, providing that a poor person, not being of ability to sue, may be allowed to prosecute as a poor person, applies to an infant plaintiff suing by her guardian ad litem, though Code Civ. Proc. § 3268, subd. 5, provides that defendant, in an action by an infant suing by her guardian ad litem, may require security for costs.

Action by Kate Trimble, an infant, against Michael Kilgannon, for breach of promise to marry. Plaintiff moves for leave to sue as a poor person, and defendant moves for an order compelling plaintiff to give security for costs. Plaintiff's motion granted. Defendant's motion denied.

Howe & Hummel, for plaintiff.
Louis J. Grant, for defendant.

GILDERSLEEVE, J. The action is brought to recover damages for a breach of promise to marry. The plaintiff is an infant under the age of 21, and sues by her guardian ad litem. The defendant makes a motion for an order compelling plaintiff to give security for costs, on the ground that she is an infant whose guardian ad litem has not given such security. See Code, § 3268, subd. 5. At the same time, the plaintiff makes a motion, under section 458 of the Code, for leave to sue as a poor person. There can be no question that section 458 of the Code, providing that "a poor person, not being of ability to sue, may apply, by petition, to the court for leave to prosecute as a poor person," applies to infants as well as adults. See Tobias v. Railroad Co. (City Ct. N. Y.) 14 N. Y. Supp. 641; Harris v. Insurance Co. (Sup.) 10 N. Y. Supp. 474. As it is in the discretion of the court to allow an action to be prosecuted in forma pauperis, an infant plaintiff, suing by her guardian ad litem, may be permitted to sue in such form, in spite of the provisions of subdivision 5, § 3268, of the Code, to the effect that defendant in such case may require security for costs. See Harris v. Insurance

Co., supra. These two motions are made at the same time, and the facts necessary to justify each of the orders asked for are shown. In such case it seems to me that the motion for leave to prosecute in forma pauperis should be granted, and the motion for security for costs should be denied.    See Hotaling v. McKenzie, 7 Civ. Proc. R. 320.    No costs of motion.

Ordered accordingly.